**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANGELA BROOKS, BETTY CHENIER**, | § | |
| **EDDIE CUMBO, BRIGITTE GONZALEZ,** | § | |
| **KEISHA GRIGSBY, JOSHUA JONES ET. AL.** | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:20-CV-01107** |
| | § | |
| | § | |
| | § | |
| | § | |
| **UNION PACIFIC RAILROAD COMPANY** | § | |
| | § | |
| | § | |
| *Defendant*. | § | **JURY REQUESTED** |
| | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT
TO ADD ADDITIONAL PARTIES AND FOR REMAND**

Plaintiffs, Betty Chenier, Eddie Cumbo, Thomas Edison, Brigitte Gonzalez, Keisha Grigsby, Joshua Jones et. al. ("Plaintiffs"), hereby move this Court for leave to file an Amended Complaint, a copy of which is attached as Exhibit A, and to remand under 28 U.S.C § 1447 (c). The proposed amended complaint adds two additional organizational Defendants and three individual Defendants, the involvement of which was unknown at the inception of this lawsuit. However, it is now known how each of the newly added Defendants participated in incidents forming the basis of this lawsuit. Because the new Defendants are Texas residents, their joinder destroys diversity and requires remand. This amended complaint is not filed for purposes of delay or in bad faith and will not prejudice the Defendant Union Pacific Railroad Company. In support of this motion, Plaintiffs respectfully show unto this Court the following:

1

## I.      BACKGROUND

This case is about how Plaintiffs suffered and continue to suffer injury from the Defendants' acts and omissions surrounding their operations at a facility located in Houston, Texas. Plaintiffs' filed their Original Petition for Damages in state court on February 12, 2020 against Defendant. On February 14, 2020, Plaintiffs filed a First Amended Petition for Damages and followed it with a Second Amended Petition for Damages on February 26, 2020. The purpose of both amendments was to address minor changes and immediately followed the filing of Plaintiff's Original Petition. Further, the amended petitions were filed before the initial Defendant, Union Pacific Railroad Company, was served with process on March 11, 2020.

The case was initially assigned to the 152nd Judicial District Court of Harris County, Texas. Defendant Union Pacific Railroad Company promptly filed a Notice of Removal on March 28, 2020. Plaintiffs received Notice of Filing of Notice of Removal on March 28, 2020. No discovery has been conducted or served by any party involved since the initial filing of this case.

Prior to Plaintiffs' filing their Original Petition, another case bearing the same facts and similarly situated plaintiffs was filed against Defendant Union Pacific Railroad Company, Pastor, Behling & Wheeler, LLC, and Environmental Resources Management Southwest, Inc. on February 3, 2020 in state court.

Although that petition, attached as Exhibit B, was on file during Plaintiffs filing of their Original Petition, enough research had not been conducted at the time by Plaintiffs' counsel to substantiate the addition of Pastor, Behling & Wheeler, LLC, and Environmental Resources Management Southwest, Inc. as responsible parties. Rather than taking an approach of suing everyone and without knowledge of their involvement, Plaintiffs' planned on conducting initial discovery of Union Pacific Railroad Company in addition to their own research to decide on what

additional parties should be added, if any. However, due to prompt removal of this case by Defendant Union Pacific Railroad Company and their immediate filing of their motion to dismiss, discovery has not been a viable option for Plaintiffs. Although discovery has not yet commenced, Plaintiffs' counsel has had time to conduct their own research and file this motion in order to add additional parties and claims.

Under 28 U.S.C § 1447 (c), Plaintiffs are within their thirty (30) day timeframe with which to file a Motion to Remand.

## II.　ARGUMENT AND AUTHORITIES

### A. PLAINTIFFS' MOTION IS IN GOOD FAITH AND CAUSES NO UNDUE PREJUDICE TO DEFENDANT

1.　　Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave (to amend) when justice so requires."[1] Rule 20(a)(2) also permits joinder of proper parties if the relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences.[2] The Plaintiffs' amended complaint, attached as Exhibit A, maintains the same set of facts and claims from their initial state filing against Defendant Union Pacific Railroad Company.

2.　　It is well established that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . —the leave sought should, as the rules require, be 'freely given.'[3]

Thus, the decision to grant leave is within the sound discretion of the district court.[4]

---

[1] Fed.R.Civ.P. 15(a)(2).
[2] *Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987).
[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted).
[4] *Id.*

3.      This case was filed on February 12, 2020 and removed on March 28, 2020. There have been no case deadlines set and discovery has yet to begin. Given the extremely early stages of this litigation, Defendant Union Pacific Railroad Company cannot be prejudiced by Plaintiffs amending their pleadings for the first time since the Defendant was served with this lawsuit.

4.      As previously mentioned, there is another case pending in state court against Defendant Union Pacific Railroad Company and the organizational Defendants that Plaintiffs are seeking to add to this lawsuit. The current state court case is derived from the same set of facts as the case before this Court and involves similarly situated members of the of the same community that Plaintiffs' reside. The only substantive difference is that they chose different counsel. Ultimately, it would be a waste of judicial resources for Plaintiffs to file a separate matter in state court with the same causes of actions against the remaining Defendants whom Plaintiffs are seeking to add to this lawsuit.

5.      When confronted with an amendment to add non-diverse parties, the court typically balances the dangers inherent in parallel federal and state proceedings, which include the danger of inconsistent results and the waste of judicial resources, with the diverse defendant's interest in retaining the federal forum.[5] Factors to be considered in the decision to allow or disallow the joinder include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.[6] In this case, the required considerations all weigh in favor of allowing the amendment adding the non-diverse defendants.[7]

---

[5] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).
[6] *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005).
[7] *Id.*

**B. PLAINTIFFS' MOTION IS MADE TO HOLD ALL PARTIES ACCOUNTABLE FOR THEIR ROLE IN THE HARM CAUSED AND NOT FOR THE PURPOSE OF DEFEATING FEDERAL JURISDICTION**

6.     An attempted joinder of non-diverse defendants immediately after removal and before additional discovery has taken place can sometimes signal that a plaintiff's intention was to avoid federal jurisdiction.[8] However, several aspects of Plaintiffs' request to amend their complaint and join the non-diverse defendants signify that avoiding federal jurisdiction was not Plaintiffs' goal. First, the fact that Plaintiffs' and Plaintiffs' counsel were not immediately aware of the role that the newly added, non-diverse, Defendants' played in causing the harm suffered by Plaintiffs' implies that Plaintiffs' are not merely trying to destroy diversity.[9]

7.     Second, the existence of a valid cause of action against a non-diverse defendant also indicates a good intent and reason to properly add parties, other than avoiding federal jurisdiction.[10] Plaintiffs' Proposed Amended Complaint raises the claim that the non-diverse defendants are liable to Plaintiffs under the theory of Negligence, Negligence per se, fraud, nuisance, and negligent misrepresentation. Plaintiffs thus have viable causes of action against the non-diverse defendants. The existence of valid causes of action only helps to prove that Plaintiffs' motivation in seeking to amend the complaint and add new parties was not to defeat federal jurisdiction.[11]

8.     Finally, Plaintiffs' counsel was fully aware of the case bearing the same facts and similarly situated plaintiffs that was filed against Defendant Union Pacific Railroad Company, Pastor, Behling & Wheeler, LLC, and Environmental Resources Management Southwest, Inc. on

---

[8] *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).
[9] *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1335-36 (S.D. Fla. 2011).
[10] *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).
[11] *Id.*.

February 3, 2020 before filing this case.  Plaintiffs' counsel is also knowledgeable enough to know that just initially adding the two organizational defendants that are currently being sought to be added would have prevented removal.  However, Plaintiffs' counsel is not required to file a case based on the filings of other related matters. In fact, it behooves Plaintiffs' counsel, and is generally good practice, to conduct proper research prior to "throwing" parties in a lawsuit that may not involve them. If Plaintiffs' counsel had deemed the additional parties to be necessary parties at the time of the February 12, 2020 filing or subsequent amended complaints in state court, they would have been added as parties.

### C.  PLAINTIFFS WERE NOT DILATORY IN SEEKING TO ADD PARTIES

9.      Courts generally find that a plaintiff is not dilatory when joinder is sought before trial or pre-trial dates were scheduled, and no significant activity in the case has occurred.[12] In this case, we are so early in the litigation process that no discovery has been conducted and a scheduling order has yet to be issued. Further, Plaintiffs did not possess all the facts necessary to recognize that Pastor, Behling & Wheeler, LLC, and Environmental Resources Management Southwest, Inc., Eric Matzner, Paul Stefan, and Christopher Young were proper parties until recently. Considering the procedural history of this case and the short amount of time that has elapsed since Plaintiffs' initial filing, Plaintiffs cannot be considered dilatory in seeking to amend their complaint to join non-diverse Defendants.[13]

### D.  PLAINTIFFS WILL BE SIGNIFICANTLY INJURED IF THEIR AMENDED COMPLAINT IS NOT ALLOWED

---

[12] *Smith v. Robin Am., Inc.*, 2009 WL 2485589 (S.D. Tex. 2009).
[13] *See Id*.; *See* also *Jones v. Rent-A-Ctr. E., Inc*., 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005) (finding that plaintiffs were not dilatory because motion to amend was filed within the time allowed by the scheduling order).

10. As previously stated, Federal Rule of Civil Procedure 15(a)(2) provides that leave of the Court to amend a party's pleading shall be freely given when justice so requires.[14] Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.[15] If Plaintiffs' Motion is denied, Plaintiffs' would have no option but to initiate a separate state court action against the non-diverse Defendants. "Requiring a plaintiff to pursue parallel federal and state court actions is generally disfavored since separate proceedings create judicial inefficiency and increase the possibility of conflicting outcomes."[16]

11. Denial of Plaintiffs' Motion only further complicates this matter because Defendant Union Pacific Railroad Company is currently battling similar claims based on the same set of facts along with Pastor, Behling & Wheeler, LLC, and Environmental Resources Management Southwest, Inc in the concurrent state court case, attached as Exhibit B.  As previously mentioned, that matter is against similarly situated plaintiffs. There have already been a significant amount of filings in that matter and, due to the existence of the state-based Defendants, it is highly unlikely that it will be removed to federal court.  In fact, it is more likely that Plaintiffs' matter be consolidated with the other state case should this Motion be granted. Ultimately, none of the factors that weigh against granting this Motion are present and Plaintiffs will be highly prejudiced were their Motion denied.

**E. EQUITY REQUIRES THAT PLAINTIFFS' MOTION BE GRANTED**

12. Fairness and equity dictate that all parties be heard in the same proceeding, allowing each to present and defend its case own.

**F. GRANTING PLAINTIFFS' MOTION LEADS TO AUTOMATIC REMAND**

---

[14] *Lowery v. Texas A &M Univ. Sys.*,117 F.3d 242 (5th Cir. 1997) (stating that Rule 15(a) creates a "strong presumption" in favor of permitting amendment).
[15] *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citations omitted).
[16] *AMX Envtl. Evolution, Ltd. v. Carroll Fulmer Logistics Corp*., 2009 WL 972994 (N.D. Tex. 2009).

13.     "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[17] Should this Court grant Plaintiffs' Motion, and thus allow the addition of the non-diverse defendants, the court loses subject matter jurisdiction and remand is required.[18]

### III.     CONCLUSION

14.     The requisite analysis of the relevant facts of this case reveals that each of the *Hensgens* factors weighs in favor of granting Plaintiffs' Amended Motion for Leave to Amend the Complaint to join non-diverse Defendants. Joinder of the non-diverse Defendants then requires the court to remand the case to state court.

Respectfully submitted,

STEPHENS REED & ARMSTRONG, PLLC

By:     */s/ Derrick A. Reed*

**Derrick A. Reed**
Attorney-in-Charge
Federal I.D. No.: 899172
State Bar No.: 24053780
Email: derrick@srapllc.com
12234 Shadow Creek Parkway, Suite 1104
Pearland, Texas 77584
Telephone: (281) 489-3934
Facsimile: (713) 391-8349

**ATTORNEYS FOR PLAINTIFFS**

---

[17] 28 U.S.C. § 1447(e).
[18] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

8

CO-COUNSEL:

**Marrick Armstrong**
Federal I.D. No.:  611068
State Bar No. 24057695
Email:  marrick@srapllc.com

**Kenneth Stephens**
State Bar No. 24082255
Email:  kenneth@srapllc.com

**STEPHENS REED & ARMSTRONG, PLLC**
12234 Shadow Creek Parkway, Suite 1104
Pearland, Texas 77584
Telephone: (832) 622-6562
Facsimile: (713) 391-8349

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on April 27, 2020 in accordance with the Federal Rules of Civil Procedure by filing the document with the Court's ECF system. Electronic copies were also emailed to all counsel.



*/s/ Derrick Reed*
Derrick A. Reed

<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that on April 21, 2020, I held a telephonic conference with counsel for Union Pacific, Mr. Earnest Wotring, regarding the forgoing PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD ADITIONAL PARTIES AND FOR REMAND. On that same day, Mr. Wotring informed me that Union Pacific Railroad Company opposes Plaintiffs' motion.

*/s/ Derrick Reed*
Derrick A. Reed