# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **BETTY CHENIER, ET AL.** § | |
| § | |
| **Plaintiffs** § | |
| § | |
| **vs.** § | **CIVIL ACTION NO: 4:20-CV-01107** |
| § | |
| **UNION PACIFIC** § | **Judge Keith P. Ellison** |
| **RAILROAD COMPANY** § | |
| § | |
| **Defendant** § | |

## DEFENDANT UNION PACIFIC RAILROAD COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD ADDITIONAL PARTIES AND FOR REMAND

OF COUNSEL:

BAKER • WOTRING LLP
Earnest W. Wotring
Federal ID No. 15284
Texas Bar No. 22012400
John Muir
Federal ID No. 9404
Texas Bar No. 134630477
David George
Federal ID No. 19330
Texas Bar No. 00793212
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel: (713) 980-1700
Fax: (713) 980-1701
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

*/s/ Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker
Federal ID No. 6943
Texas Bar No. 15089600
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel: (713) 980-1700
Fax: (713) 980-1701
dbaker@bakerwotring.com

*Attorney-in-Charge for Defendant
Union Pacific Railroad Company*

# TABLE OF CONTENTS

I. Nature and State of Proceeding .......................................................................................... 1

II. Statement of Issue ............................................................................................................. 2

III. Summary of Argument ..................................................................................................... 2

IV. Background ....................................................................................................................... 2

V. Argument ........................................................................................................................... 3

    A. Plaintiffs are seeking to amend in order to defeat federal jurisdiction, so that factor weighs in favor of denying leave to amend. ............................................... 4

        1. Plaintiffs knew about the potential new defendants before they filed suit. .................................................................................................................. 5

        2. Plaintiffs have not stated valid causes of action against the proposed new defendants. ....................................................................................... 6

            a. For the same reasons raised in Union Pacific's Rule 12 motion to dismiss, Plaintiffs have not stated valid causes of action against the proposed new defendants. ............................................ 6

            b. Plaintiffs do not have valid causes of action against PBW and ERM's employees. ............................................................................ 8

    B. Plaintiffs waited over two months after filing suit before they initially sought to add the new proposed defendants and over a month before they sought leave again to add the proposed defendants, so that factor weighs in favor of denying leave to amend. ....................................................................................... 11

    C. Plaintiffs will not be significantly injured if the amendment is not allowed because Union Pacific can satisfy any damage award. ......................................... 12

    D. The equities weigh in favor of denying leave to amend. ...................................... 13

VI. Conclusion ....................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586 (Tex. App.—Dallas 2008) ............................................................................................................................. 7

*Gallegos v. Safeco Ins. Co. of Ind.*, H–09–2777, 2009 WL 4730570 (S.D. Tex. Dec. 7, 2009) .................................................................................................................................. 11, 12

*Goldstein v. MCI WorldCom*, 340 F.3d 238 (5th Cir. 2003) ........................................................ 4

*Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523 (Tex. 1990) ...................................... 7

*Harrison v. Darnas, Inc.*, No. 4:17-cv-00931, 2017 WL 3480471 (S.D. Tex. Aug. 14, 2017) ................................................................................................................................................. 10

*Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221 (5th Cir. 2005) .............. 2, 4

*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) ...................................................... 2, 4

*In re Butt*, 495 S.W.3d 455 (Tex. App.—Corpus Christi 2016) ................................................... 9

*Jimenez v. Allstate Tex. Lloyd's*, 4:10-CV-4385, 2011 WL 5416328 (S.D. Tex. Nov. 7, 2011) ............................................................................................................................................. 5

*Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) ......................................................................... 9

*Matter of Life Partners Holdings, Inc.*, 926 F.3d 103 (5th Cir. 2019) ......................................... 8

*Multi-Shot, LLC v. B & T Rentals, Inc.*, CIV. A. H-09-3283, 2010 WL 376373 (S.D. Tex. Jan. 26, 2010) ............................................................................................................................. 5

*Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564 (S.D. Tex. 1999) ..................................... 10

*Peters v. Corona*, 3:18-cv-1918, 2018 WL 6019809 (N.D. Tex. Nov. 16, 2018) ..................... 10

*Pico v. Capriccio Italian Rest., Inc.*, 209 S.W.3d 902 (Tex. App.—Houston [14th Dist.] 2006) ............................................................................................................................................ 9

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998) ..................................................... 8

*Reynoso v. Allstate Tex. Lloyd's*, 4:10-CV-4594, 2011 WL 13254181 (S.D. Tex. Nov. 10, 2011) ............................................................................................................................ 2, 4, 5, 12, 13

*Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir. 2000) .............................................. 8

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998) .......................... 7

*Tri v. J.T.T.*, 162 S.W.3d 552, (Tex. 2005) .................................................................................. 9

*Union Pacific R.R. Co. v. Cezar*, 293 S.W.3d 800 (Tex. App.—Beaumont 2009) ..................... 9

*Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763 (5th Cir. 2016) ..................................... 11, 12

*Zetino v. Allstate Tex. Lloyd's*, 4:10-CV-3905, 2011 WL 5416323 (S.D. Tex. Nov. 7, 2011) ......................................................................................................................................... 12, 13

**Statutes**

28 U.S.C. § 1332 .................................................................................................................. 1, 13
28 U.S.C. § 1441 .................................................................................................................... 13
28 U.S.C. § 1447(c) ................................................................................................................. 3

**Rules**

FED. R. CIV. P. 15(a) ................................................................................................................ 4
FED. R. CIV. P. 9(b) .................................................................................................................. 6

**Regulations**

U.S. CONST. art. III, § 2, cl. 1................................................................................................. 13

Defendant Union Pacific Railroad Company ("Union Pacific") files this Response to Plaintiffs' Motion for Leave to Amend the Complaint to Add Additional Parties and for Remand.[1]

## I. Nature and State of Proceeding

This is a lawsuit regarding alleged personal injury and property damage allegedly resulting from exposure to a chemical called creosote. The Plaintiffs sued Union Pacific in Texas state court on February 12, 2020.[2] Union Pacific was served with process on March 11, 2020, and it removed this case to federal court based on diversity of citizenship on March 28, 2020.[3] Union Pacific filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) on April 3, 2020.[4] Union Pacific answered on April 23, 2020.[5] Plaintiffs filed a motion for leave to amend to add additional parties and to remand on April 28, 2020.[6] On May 5, 2020, this Court stayed Union Pacific's motion to dismiss, pending its ruling on the Plaintiffs' motion to remand.[7]

At the hearing on June 17, 2020, his Court denied Plaintiffs' motion to amend to add additional parties and to remand with leave to further amend the complaint. Plaintiffs filed an amended motion for leave to amend their complaint to add additional parties and for remand on July 27, 2020.[8]

---

[1] Doc. 9. The "Plaintiffs" are Plaintiffs Betty Chenier, Eddie Cumbo, Thomas Edison, Brigitte Gonzalez, Letisha Johnson, Joshua Jones, Carolton Hall, Deron McGurie, Lisa Moore, Carol Nelams, Karen Robinson, Letacha Williams Ruth, and Leslie Washington.

[2] Doc. 1-3.

[3] Doc. 1; Doc. 1-4; 28 U.S.C. § 1332.

[4] Doc. 3.

[5] Doc. 8.

[6] Doc. 9.

[7] Doc. 13.

[8] Doc. 22.

## II. Statement of Issue

1. This Court should deny Plaintiffs' motion to add additional parties and to remand. A ruling on a motion to add additional parties is reviewed for abuse of discretion.[9]

## III. Summary of Argument

This Court should deny Plaintiffs' motion to add additional parties and to remand because:

- Plaintiffs are seeking to add additional defendants in order to defeat federal jurisdiction;

- Plaintiffs have been dilatory in asking for an amendment because they waited more than two months after filing suit;

- Plaintiffs will not be significantly injured if the amendment is not allowed; and

- The balance of the equities weighs in favor of denying the motion.[10]

## IV. Background

Plaintiffs have sued Union Pacific for personal-injury and property-damage claims related to alleged exposure to creosote from a former Southern Pacific facility now owned by Union Pacific.[11] There are no other defendants.[12]

Plaintiffs' claims are based on alleged contamination from the site.[13] Creosote is a wood preservative that Plaintiffs allege can cause cancer.[14] Plaintiffs contend that this alleged

---

[9] *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005).

[10] *Id.* (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *Reynoso v. Allstate Tex. Lloyd's*, 4:10-CV-4594, 2011 WL 13254181, at *1 (S.D. Tex. Nov. 10, 2011) (Ellison, J.).

[11] Doc. 1-1.

[12] *Id.*

[13] *Id.* at ¶¶ 18-25.

[14] *Id.* at ¶¶ 21-22.

2

contamination has created an underground plume of creosote.[15] Plaintiffs allege that Union Pacific has misrepresented the extent of the threat posed by creosote waste.[16] Plaintiffs are bringing five causes of action against Union Pacific: negligence, negligence per se, negligent misrepresentation, fraud, and nuisance.[17] Plaintiffs are asserting claims for property damage, in addition to asserting personal-injury claims.

## V. Argument

Because the Plaintiffs are all Texas residents and Union Pacific—the only defendant—is a citizen of Nebraska and Delaware, there is complete diversity, and this case was properly removed to federal court.[18] Plaintiffs do not deny that federal jurisdiction exists and that this case was properly removed to federal court.[19] Instead, Plaintiffs are seeking to amend their complaint to add two Texas entities and three Texas individuals as defendants.[20] As Plaintiffs admit, adding these defendants would destroy federal diversity jurisdiction, requiring this case to be remanded back to state court.[21] This Court should deny Plaintiffs' motion to add additional parties and to remand.

---

[15] *Id*. at ¶¶ 23-24.

[16] *Id*. at ¶¶ 23, 25, 31.

[17] *Id*. at ¶¶ 27-35.

[18] Doc. 1 at ¶ 3; Doc. 1-1 at ¶ 17.

[19] Doc. 22.

[20] *Id*.; Doc. 23.

[21] Doc. 22 at 2; 28 U.S.C. § 1447(c) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Generally, motions for leave to amend and add parties should be freely granted.[22] But a different rule applies when a party is seeking to add a party in order to defeat federal jurisdiction.[23] The Fifth Circuit has held that a district court "should scrutinize that amendment more closely than an ordinary amendment."[24]

The Fifth Circuit has outlined the factors district courts should consider when determining whether to grant a motion to amend that will destroy federal subject-matter jurisdiction:

- The extent to which the purpose of the amendment is to defeat federal jurisdiction;
- Whether the plaintiff has been dilatory in asking for an amendment;
- Whether the plaintiff will be significantly injured if the amendment is not allowed; and
- Any other factors bearing on the equities.[25]

These factors weigh in favor of this Court deny Plaintiffs' motion to amend and remand.

### A. Plaintiffs are seeking to amend in order to defeat federal jurisdiction, so that factor weighs in favor of denying leave to amend.

The first factor this Court considers is whether Plaintiffs are seeking to amend in order to defeat federal jurisdiction.[26] Courts consider two issues when making that determination. First, "they consider whether the plaintiffs knew or should have known the identity of the non-diverse

---

[22] FED. R. CIV. P. 15(a); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

[23] *Reynoso*, 2011 WL 13254181, at *1.

[24] *Hensgens*, 833 F.2d at 1182; *Reynoso*, 2011 WL 13254181, at *1.

[25] *Hawthorne Land Co.*, 431 F.3d at 227 (citing *Hensgens*, 833 F.2d at 1182); *Reynoso*, 2011 WL 13254181, at *1.

[26] *Hawthorne Land Co.*, 431 F.3d at 227 (citing *Hensgens*, 833 F.2d at 1182); *Reynoso*, 2011 WL 13254181, at *1.

4

defendant when the state court complaint was filed."[27] Next, they consider whether the plaintiffs have valid causes of action against the proposed new defendants.[28]

Both of those issues weigh in favor of this Court finding that Plaintiffs are seeking to amend in order to defeat federal jurisdiction.

### 1. Plaintiffs knew about the potential new defendants before they filed suit.

Plaintiffs knew or should have known the identity of the non-diverse defendant when they filed their state-court petition.[29] Plaintiffs admit that they were aware of Pastor, Behling & Wheeler, LLC ("PBW") and Environmental Resources Management Southwest, Inc. ("ERM") as possible additional defendants before they filed the lawsuit.[30] Plaintiffs also admit that at the time they filed this lawsuit, they were aware that another lawsuit had been filed by other plaintiffs and attorneys against PBW and ERM regarding the same issues as in this case.[31]

Plaintiffs do not even allege—let alone establish—that they did not know, and should not have known, about the three PBW and ERM employees they are attempting to add as defendants.[32]

Because Plaintiffs knew or should have known the identity of the non-diverse proposed new defendants when the state court petition was filed, this factor, therefore, weighs in favor of denying Plaintiffs' motion to amend and to remand.

---

[27] *Multi-Shot, LLC v. B & T Rentals, Inc*., CIV. A. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (Rosenthal, J.) (internal quotations omitted); *see also Reynoso*, 2011 WL 13254181, at *2; *Jimenez v. Allstate Tex. Lloyd's*, 4:10-CV-4385, 2011 WL 5416328, at *1 (S.D. Tex. Nov. 7, 2011) (Ellison, J.).

[28] *Reynoso*, 2011 WL 13254181, at *2; *Jimenez*, 2011 WL 5416328, at *1.

[29] *Multi-Shot, LLC*, 2010 WL 376373, at *9 (internal quotations omitted).

[30] Doc. 22 at 1-2.

[31] *Id.* at 5-6.

[32] Doc. 22.

5

### 2. Plaintiffs have not stated valid causes of action against the proposed new defendants.

Plaintiffs' proposed amended complaint does not state valid causes of action against the proposed new defendants, so this factor weighs in favor of denying Plaintiffs' motion to amend and to remand.

#### a. For the same reasons raised in Union Pacific's Rule 12 motion to dismiss, Plaintiffs have not stated valid causes of action against the proposed new defendants.

Plaintiffs are seeking to bring the same causes of action—negligence, negligent misrepresentation, and fraudulent concealment—against the proposed new defendants that they are bringing against Union Pacific.[33] In its Rule 12 motions to dismiss, Union Pacific explained that Plaintiffs have not stated valid causes of action.[34] Those same reasons apply to Plaintiffs' proposed claims against the proposed new Defendants.

Union Pacific adopts by reference its arguments in its Rule 12 motions to dismiss.[35] This Court should dismiss the Plaintiffs' claims because:

- The Plaintiffs do not have standing to bring their nuisance claims, so dismissal for lack of subject-matter jurisdiction is proper under Rule 12(b)(1);

- The Plaintiffs have not sufficiently alleged claims that are plausible on their face, so dismissal is proper under Rule 12(b)(6); and

- The Plaintiffs have not pled their fraud and negligent-misrepresentation claims with particularity, as required by Rule 9(b).[36]

---

[33] *Cf.* Doc. 1-1 *with* Doc. 23.

[34] Doc. 3.

[35] *Id.*

[36] *Id.*

6

Plaintiffs allege that ERM and PBW "owed various duties to Plaintiffs."[37] But ERM and PBW owe no legal duty to Plaintiffs, and therefore, did not breach any duty to Plaintiffs. Texas law requires that a plaintiff asserting negligence claims must establish both the existence and violation of a duty owed to the plaintiff.[38] Whether a duty exists is a question of law for the court to decide based on "the facts surrounding the occurrence in question."[39]

Plaintiffs allege that ERM and PBW breached various duties they allege were owed to Plaintiffs, but fail to make any allegation to support a finding that ERM and PBW owed any duty to Plaintiffs as a matter of law.[40] Plaintiffs also allege in their fraudulent concealment claim that ERM and PBW had a "duty to disclose the extent of the danger associated with exposure to creosote and other toxic chemicals" and "deliberately concealed the severity of this information from Plaintiffs."[41] Plaintiffs, however, fail to allege any facts to give rise to any duty ERM and PBW owed to make any disclosures to Plaintiffs.[42]

Additionally, negligent misrepresentation requires a plaintiff to show that (1) a defendant made a representation "in the course of its business or in a transaction in which it has a pecuniary interest"; (2) the representation was false and was for the guidance of others in their business; (3) the defendant did not exercise reasonable care in obtaining or communicating the information; and

---

[37] Doc. 23 at 17, 22.

[38] *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

[39] *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 591-92 (Tex. App.—Dallas 2008); *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998).

[40] Doc. 23 at 17-18, 21-23. *See Dukes*, 252 S.W.3d at 593-98 (holding that architects who designed a public water feature owned and operated by the city owed no legal duty to decedents under contractual, professional code of ethics, or voluntary undertaking theories).

[41] Doc. 23 at 22.

[42] Doc. 23 at 22-23.

7

(4) plaintiff suffered pecuniary loss by justifiably relying on the representation.[43] Plaintiffs merely list these elements of the negligent-misrepresentation cause of action, but they fail to make any factual allegations supporting those elements.[44] Plaintiffs also fail to allege any facts that they suffered any injuries as a result of any alleged misrepresentations made by ERM and PBW. Rather, they merely allege that they "suffered significant pecuniary losses, as a result of their reliance on the misrepresentations made by Union Pacific."[45]

This factor, therefore, weighs in favor of denying Plaintiffs' motion to amend and to remand.

### b. Plaintiffs do not have valid causes of action against PBW and ERM's employees.

Plaintiffs again seek to add three ERM and PBW employees to this lawsuit in a further effort to defeat diversity. But Plaintiffs' new, commingled allegations against ERM, PBW, and their employees remain insufficient as a matter of law to support claims against the named individuals. As such, Plaintiffs' efforts to bring them into this lawsuit should again be rejected.[46]

Texas law on employee liability is clear: an employee may be liable for negligence "only when the [employee] owes an independent duty of reasonable care to the injured party apart from

---

[43] *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 123 (5th Cir. 2019).

[44] Doc. 23 at 21-22.

[45] Doc. 23 at 22.

[46] Although Rule 15 requires that "leave shall be freely given when justice so requires," courts may deny leave to amend when the amendment would be futile. *E.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998). An amendment is futile if the amended complaint would be subject to dismissal under Rule 12(b)(6) for failing to state a claim upon which relief could be granted. *E.g.*, *Stripling v. Jordan Production Co.*, 234 F.3d 863, 873–74 (5th Cir. 2000).

the employer's duty."[47] "[L]iability cannot be imposed on employees where the employer and the employee committed the identical negligent acts or omissions."[48] Whether an employee owed a duty independent of that owed by his or her employer is a question of law for the court to decide based on "the facts surrounding the occurrence in question."[49]

Plaintiffs name ERM employees Christopher Young and Paul Stefan and PBW employee Eric Matzner as defendants in their proposed amended complaint and assert negligence claims against them.[50] Unlike their previous proposed amended complaint, Plaintiffs' current proposed amended complaint makes a handful of factual allegations regarding the employees.[51] But Plaintiffs still fail to allege that these individuals committed any tortious act other than those supposedly done in the course and scope of their employment. Rather, Plaintiffs' proposed claims against the individuals are factually predicated entirely on the individuals' purported roles in the work performed by their employers.[52] Moreover, Plaintiffs have again failed to allege that the proposed individual defendants owed them any independent duty. Indeed, the only duties Plaintiffs mention in regard to the employees are those that Plaintiffs allege the employees owed collectively alongside their employers: "PBW, ERM, Mr. Stefan, Mr. Young, and Mr. Matzner

---

[47] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

[48] *In re Butt*, 495 S.W.3d 455, 467 (Tex. App.—Corpus Christi 2016); *accord, e.g.*, *Union Pacific R.R. Co. v. Cezar*, 293 S.W.3d 800, 818 (Tex. App.—Beaumont 2009); *Pico v. Capriccio Italian Rest., Inc.*, 209 S.W.3d 902, 912 (Tex. App.—Houston [14th Dist.] 2006).

[49] *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

[50] Doc. 23.

[51] Doc. 23 at 17-18.

[52] Doc. 22; Doc. 23.

owed various duties to Plaintiffs . . . ."[53]  In short, far from alleging that the employees owed and breached any independent duty, Plaintiffs allege that the individuals committed *identical tortious acts* and violated *identical duties* as their employers.  Such allegations are insufficient as a matter of law to impose liability on the proposed individual defendants.

As Union Pacific previously demonstrated, this Court has has faced these circumstances in the past and correctly denied a party leave to amend.  In *Harrison v. Darnas, Inc.*, the plaintiffs attempted to amend their complaint post-removal to add an individual employee as a defendant.[54]  In that case, as here, the plaintiffs' allegations against the employee were identical to those against the employer, and the plaintiffs failed to plead any facts giving rise to an independent duty on the part of the employee.[55]  Based on these facts, this Court denied plaintiffs leave to amend and dismissed the claims against the employee.[56]  Other Texas federal courts have reached similar conclusions.[57]

Because Plaintiffs fail to identify or allege facts supporting any independent tortious acts or identify any independent duty of care owed by these employees, Plaintiffs' purported negligence claims against Young, Stefan, and Matzner fail as a matter of law.  Plaintiffs' proposed amendment is, therefore, futile as to these individuals, so the Court should again deny Plaintiffs leave to amend their complaint.

---

[53] Doc. 23 at 17.

[54] *Harrison v. Darnas, Inc.*, No. 4:17-cv-00931, 2017 WL 3480471, at *3 (S.D. Tex. Aug. 14, 2017) (Ellison, J.).

[55] *Id.* (noting that the proposed employee defendant's direct actions were insufficient to create personal liability).

[56] *Id.*

[57] *See, e.g.*, *Peters v. Corona*, 3:18-cv-1918, 2018 WL 6019809 (N.D. Tex. Nov. 16, 2018); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp.2d 564 (S.D. Tex. 1999).

This factor, therefore, weighs in favor of denying Plaintiffs' motion to amend and to remand.

**B.  Plaintiffs waited over two months after filing suit before they initially sought to add the new proposed defendants and over a month before they sought leave again to add the proposed defendants, so that factor weighs in favor of denying leave to amend.**

Plaintiffs filed their original petition on February 12, 2020.[58] Plaintiffs waited over two-and-a-half months before filing their first motion to amend to add new defendants on April 28, 2020.[59] The Fifth Circuit has held that a two-month delay between filing suit and seeking leave to add new defendants was sufficient to show it was dilatory in asking for an amendment.[60] After this Court denied their first motion to amend to add new defendants on June 17, 2020, Plaintiffs waited over a month to file their second motion to amend to add new defendants on July 27, 2020.[61]

Other than vague, conclusory statements about conducting "research," Plaintiffs give no explanation for why they waited two-and-a-half months before initially seeking leave to add these new defendants and for why they waited over a month before they sought leave again.[62] Based on Fifth Circuit precedent and numerous district court rulings, Plaintiffs' two-and-a-half month delay

---

[58] Doc. 1-3.

[59] Doc. 9.

[60] *Villarreal v. Wells Fargo Bank, N.A*., 814 F.3d 763, 769 (5th Cir. 2016) ("The court found that Villarreal had been dilatory because more than two months passed between the filing of her original complaint and her attempt to join Ballesteros, against whom she would have known she had an IIED claim at least as early as when she filed her complaint."); *Gallegos v. Safeco Ins. Co. of Ind*., H–09–2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.) (listing additional cases in which courts found two-month delay to be dilatory).

[61] Doc. 22.

[62] *Id.* at 2-3.

11

and subsequent month-long delay after this Court denied its initial motion for leave weighs in favor of denying leave to amend.[63]

In addition to the delays in filing their initial motion for leave and second motion for leave, this case has progressed beyond filing of the notice of removal. The parties filed an agreed scheduling order on July 23, 2020—four days before Plaintiffs filed their second motion for leave.[64] This Court entered the scheduling order on July 29, 2020, setting pretrial and trial dates.[65] Because this case has progressed beyond filing of the notice of removal, this factor weighs in favor of denying Plaintiffs' motion for leave to amend.[66]

### C. Plaintiffs will not be significantly injured if the amendment is not allowed because Union Pacific can satisfy any damage award.

This Court has recognized that a plaintiff will not be significantly injured by denial of leave to amend if the existing defendants "will likely be able to satisfy any judgment."[67]

Plaintiffs state that they "seek monetary damages in excess of $50,000,000.00."[68] According to its recent securities filings, Union Pacific Corp.'s assets demonstrate its ability to

---

[63] *Villarreal*, 814 F.3d at 769 (district court did not err in holding that plaintiff was "dilatory because more than two months passed between the filing of her original complaint and her attempt to join" a potential defendant she was aware of "when she filed her complaint."); *Gallegos*, 2009 WL 4730570, at *4 (listing additional cases in which courts found two-month delay to be dilatory).

[64] Doc. 21.

[65] Doc. 26.

[66] *Zetino v. Allstate Tex. Lloyd's*, 4:10-CV-3905, 2011 WL 5416323, at *2 (S.D. Tex. Nov. 7, 2011) (Ellison, J.) ("The resources expended prior to filing of the Motion were not extensive. Nonetheless, the fact that the case progressed beyond filing of the notice of removal leans in favor of denying Plaintiffs' Motion [for leave to amend].").

[67] *Reynoso*, 2011 WL 13254181, at *2.

[68] Doc. 1-1 at ¶ 1.

satisfy any possible judgment that Plaintiffs might obtain.[69] Union Pacific, therefore, "will likely be able to satisfy any judgment,"[70] although it denies that Plaintiffs are entitled to any relief or that Plaintiffs have viable claims against it. This factor, therefore, weighs in favor of denying Plaintiffs' motion to amend and to remand.

### D.     The equities weigh in favor of denying leave to amend.

This Court has held that the existing defendants' interest in a federal forum weighs in favor of denying leave to amend.[71] Union Pacific has the right to a federal forum under the United States Constitution and federal statutes.[72] Union Pacific timely availed itself of that right.[73] So Union Pacific's interest in a federal forum weighs in favor of denying Plaintiffs' motion to amend and to remand.

In addition, this Court has held that the equities weigh in favor of denying leave to amend and remand when the defendant has "invested time and resources in the lawsuit" by filing a motion to dismiss and a federal answer.[74] Union Pacific has filed both a Rule 12 motion to dismiss and a federal answer.[75] Neither of those filings would apply in Texas state court, so those efforts would be wasted if the case were remanded. The fact that Union Pacific Union Pacific has "invested time

---

[69] Union Pacific Corp. 10-K at 48 (filed Feb. 7, 2020), available at www.up.com/cs/groups/public/@uprr/@investor/documents/investordocuments/pdf_up_10k_02072020.pdf.

[70] *Reynoso*, 2011 WL 13254181, at *2.

[71] *Reynoso*, 2011 WL 13254181, at *2.

[72] U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1332; 28 U.S.C. § 1441.

[73] Doc. 1.

[74] *Zetino*, 2011 WL 5416323, at *3.

[75] Doc. 3; Doc. 8.

and resources in the lawsuit" weighs in favor of denying Plaintiffs' motion to amend and to remand.

This factor, therefore, weighs in favor of denying Plaintiffs' motion to amend and to remand.

## VI. Conclusion

The Fifth Circuit's factors all weigh in favor of denying Plaintiffs' motion to amend, and none of the factors weighs in favor of granting the motion. This Court, therefore, should deny Plaintiffs' motion to add additional parties and to remand.

          Respectfully submitted,

          */s/ Debra Tsuchiyama Baker*
          Debra Tsuchiyama Baker
          Federal ID No. 6943
          Texas Bar No. 15089600
          BAKER • WOTRING LLP
          700 JPMorgan Chase Tower
          600 Travis Street
          Houston, Texas 77002
          Tel: (713) 980-1700
          Fax: (713) 980-1701
          dbaker@bakerwotring.com

          Attorney-in-Charge for Defendant
          Union Pacific Railroad Company

OF COUNSEL:

BAKER • WOTRING LLP
Earnest W. Wotring
Federal ID No. 15284
Texas Bar No. 22012400
John Muir
Federal ID No. 9404
Texas Bar No. 134630477
David George
Federal ID No. 19330
Texas Bar No. 00793212
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel: (713) 980-1700
Fax: (713) 980-1701
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the following through e-filing on August 17, 2020.

   Kenneth E. Stephens, Jr.
   Derrick Reed
   Marrick Armstrong
   Jeff Bell
   STEPHENS REED & ARMSTRONG, PLLC
   2616 South Loop W, Suite 210
   Houston, Texas 77054
   Kenneth@srapllc.com
   Derrick@srapllc.com
   Marrick@srapllc.com
   Jeff@srapllc.com

           */s/ Earnest W. Wotring*
           Earnest W. Wotring